# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANTHONY ALVEY                                                                           CIVIL ACTION

VERSUS

                                                                      NO. 18-461-JWD-RLB

CAPTAIN JOHN WELLS, ET AL.

## ORDER

Before the Court is Plaintiff's Motion for Attorney Fees. (R. Doc. 26). The motion is opposed. (R. Doc. 27). Plaintiff filed a Reply. (R. Doc. 30).

On July 31, 2019, Plaintiff filed a Motion to Compel asserting that Defendants did not respond to certain written discovery. (R. Doc. 24). Defendants failed to file a timely opposition. Accordingly, the Court granted the Motion to Compel and awarded Plaintiff the recovery of reasonable expenses incurred in making the motion, including attorney's fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. (R. Doc. 25). The Order provides that if the parties could not reach resolution on a reasonable amount of expenses to be paid, Plaintiff may file a Motion for Fees and Costs setting forth the reasonable amount of costs and attorney's fees to be paid by Defendants, including evidentiary support, incurred in obtaining the Court's Order.

Plaintiffs now seek recovery of $445 as the measure of the reasonable attorney fees incurred in obtaining the Court's order. Plaintiff's enrolled counsel, Donna Grodner, submits an Affidavit and time records providing that her associate, Zatabia Williams, billed 3.56 hours at $125 an hour with respect to the Motion to Compel. (R. Docs. 21-3, 26-4).

In opposing the motion, Defendants assert that the amount sought is excessive, Ms. Williams' hourly rate is too high, and recovery should not be allowed (or the hourly rate should

be reduced to $85 as a reasonable paralegal rate) because Ms. Williams is not enrolled in this action or admitted to practice in the district. (R. Doc. 27).

Once a district court has determined that a party is entitled to an award of attorney's fees, as in this case, it must find the number of hours reasonably expended on the case[1] and the reasonable hourly rate for the attorney's services. *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997). The court then multiplies those two figures together to determine the "lodestar" amount of attorney's fees. *Id.* The lodestar amount is presumed to be the reasonable fee, but it may be adjusted upward or downward after consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir. 1974).[2]

Having reviewed the Motion to Compel, the documentation provided by Plaintiff, and the briefing of the parties, the Court finds that $250 is a reasonable award of attorney fees incurred in bringing Plaintiff's Motion to Compel. The Motion to Compel does not address any substantive disputes other than Defendants' failure to provide responses to Plaintiff's Second Interrogatories and Requests for Production, which consist of two interrogatories and two requests for production, on the date agreed upon by the parties. Given the brevity of the Motion to Compel and supporting memorandum (which mostly reiterates language in the motion), the Court finds a reasonable amount of time to expend on the Motion to Compel to be two hours "spent in preparing the actual discovery motion." *See Areizaga v. ADW Corp.*, No. 14-2899,

---

[1] Counsel is "charged with proving that they exercised billing judgment." *Winget v. Corporate Green,* LLC, No. 09-0229, 2011 WL 2173840, *4 (M.D. La. 2011) (quoting *Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3d 761, 770 (5th Cir. 1996)). Attorneys exercise billing judgment by not charging for time that is unproductive, excessive, or duplicative when seeking a fee award. *Id.*

[2] Those factors include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

2016 WL 3406071, at *3 (N.D. Tex. June 21, 2016). Ms. Williams' hourly rate of $125 is reasonable for an attorney in Baton Rouge, Louisiana. While Ms. Williams is not enrolled in this action or admitted to practice in the district, there is no dispute that she drafted the Motion to Compel and conferenced with defense counsel in her capacity as an attorney prior to the filing of the Motion to Compel. There is nothing to indicate that defense counsel objected or otherwise expressed concern over Ms. Williams' capacity to handle these discussions.[3]

Based on the foregoing, the Court finds the appropriate lodestar to be calculated at 2 hours at $125 an hour ($250). Plaintiff does not seek any costs in addition to attorney fees. The Court finds no basis for reducing the lodestar figure.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (R. Doc. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure and this Court's prior Order (R. Doc. 25), Defendants shall pay Plaintiff the amount of **$250** in reasonable expenses incurred in bringing the Motion to Compel within **14 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on October 2, 2019.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court will not weigh in here on whether the result in this matter would be the same had those concerns been timely raised. Ms. Grodner is the only counsel of record. The *Court* will not deal with Ms. Williams or any other unadmitted attorney in this matter. It would not be unreasonable for opposing counsel to make the same decision with respect to matters required to be handled by counsel. In addition, the undersigned has previously addressed Ms. Williams's failure to be admitted in this Court and even provided assistance in introducing her to members of the bar. She is responsible for her failure to become admitted.